W. W. NEWCOMB & Co., Plaintiffs in Error, v. DANIEL WEBER, SHERIFF, ETC., Defendant in Error.

Under section 168 of the justice's act (1 S. & C. 799), a demand of jail fees by the sheriff from the creditor, and a refusal by him, are not necessary to justify the discharge of a prisoner. The creditor must pay the sheriff's fees without demand or notice from that officer.

ERROR TO SPECIAL TERM.—The facts of this case are presented in the opinion.

*Okey*, for plaintiffs in error.

*Hoadly, Jackson & Johnson*, for defendants in error.

HAGANS, J.   This cause is here on error to a judgment dismissing the cause on demurrer to replies.

The petition discloses these facts: The plaintiffs below, who are plaintiffs in error here, commenced suit on the 22d of May, 1868, against W. E. Manning for $300, before B. C. True, a justice of the peace, and, upon affidavit, procured an order of arrest addressed to a constable; that on the 25th of May, they obtained judgment against said Manning for $287.75, and the order of arrest was sustained; that on the 9th day of April, 1869, said justice duly directed the constable to commit the body of Manning to the custody of the defendant, which the constable did, and on the same day, the defendant voluntarily suffered and permitted Manning to escape and go at large without plaintiffs' consent, the debt being wholly unpaid; and that Manning has absconded, being insolvent, and the debt is lost as against him.   To the petition is annexed

the order of arrest and the mittimus upon which the constable returns that he committed Manning to the jail.

To this petition the defendant answered:

1. That when he discharged Manning, there was no money in his (defendant's) hands to pay for the sustenance of Manning.

2. That Manning made affidavit that he had a family for which he provided, and in other respects made the statement required by section 170 of the act passed March 14, 1853 (1 S. & C., 799, *et seq.*), and that, therefore, he discharged Manning from custody

To this first answer, the plaintiffs replied:

1. That it was not true that the defendant discharged Manning from custody because there was no money in his hands for Manning's sustenance; but, on the contrary, Manning was discharged without any sufficient reason.

2. That defendant made no demand on plaintiffs, their agent or attorney, for fees for the sustenance of Manning, and that he was discharged without the defendant making known to the plaintiffs, their agent or attorney, that fees were required for such purpose; and,

3. That defendant discharged Manning from custody, pretending there was no money in his hands for the sustenance of Manning, without committing him to jail.

And to the second answer the plaintiffs demurred.

Thereupon the defendant demurred to the replies to the first answer. The demurrers were heard at the March term, 1870, and the judge overruled the demurrer to the first reply, and sustained it to the second and third replies, and exception was taken to the sustaining the demurrer to the third reply. The plaintiffs then filed an amended second reply, which substantially set out the fact stated in the replies named, with the averments that the plaintiffs, who were non-residents, were able, ready, and willing to advance fees for the sustenance of Manning if they had been required; all of which the defendant knew. To this amended second reply, the defendant demurred, and the

court sustained the demurrer, and exception was taken. The plaintiffs then asked and obtained leave to withdraw their reply number one, and declining to file any other replies, the court dismissed the cause at the costs of the plaintiffs, and they excepted.

The cause stands here on the sufficiency of the third reply and the amended reply, and involves questions that may be stated thus:

1. Is the defendant liable for not actually committing Manning to jail; and,

2. Was it the duty of the defendant to demand fees of the plaintiffs for the sustenance of Manning before discharging him?

As to the *first question*, it is sufficient to state that the statement of the petition and the return of the constable to the execution is conclusive. The effect of the facts alleged in the petition can not be changed by a reply which contains new matter inconsistent with the petition. Code, sec. 101.

The constable performed his duty in committing the debtor to jail. The law does not impose the duty on the sheriff.

There remains the consideration of the second question. Section 168 of the justices' act (1 S. & C. 799), under which it is claimed the defendant was justified in discharging Manning from custody, reads as follows: "It shall be lawful for the sheriff or jailer, receiving any person imprisoned on execution issued in any civil proceeding, at any time when there is no money in his hands, to pay for the sustenance of such prisoner, to discharge him from prison. The jailer may, however, detain such prisoner, the adverse party being liable for such sustenance."

It will be perceived from the reading of the section, that the law does not, in terms, require a demand by the sheriff on the plaintiff in execution for money to pay for the sustenance of the prisoner, and the plaintiffs' refusal to comply, as a justification of the sheriff in permitting his

prisoner to go at large. And, perhaps, the construction that the legislative intent was to require such demand and refusal as the condition of the sheriff's justification, would hardly have been claimed by the plaintiff, if the code, section 173 (2 S. & C. 996), had not provided that plaintiffs in arrests, by virtue of chapter 1, title 8, "shall, if *required by the jailer*, pay the jail fees weekly in advance."

This last section, it will be observed, does not provide for the discharge of the prisoner from custody by the sheriff, in case the creditor, if required, refuses to advance weekly the jail fees. And that was one of the questions decided by the Supreme Court of this State, in *Gill* v. *Miner*, 13 Ohio St. 182, where it was claimed that notwithstanding demand by the sheriff upon the creditor for jail fees, and refusal to pay, the sheriff was liable as upon an escape, if he permitted his prisoner to go at large. But the court say, "that when a judgment creditor, having resorted to the extreme remedy of imprisonment, makes default after due demand made, in providing for the subsistence of his debtor, he virtually assents to his discharge." The sheriff is not bound to subsist the prisoner and run the risk of never being paid for it. And then the court quote section 168 of the justices' act, and hold it to be so distinct an indication of the legislative policy in this regard as to render it safe to make it a rule of decision.

Undoubtedly, demand by the sheriff of the fees and refusal by the creditor, is the condition of the sheriff's justification for a discharge of his prisoner from custody, under section 173 of the code, because such demand and refusal are expressly required, and the discharge from custody, upon failure of compliance on the part of the creditor, necessarily follows. But the question recurs, does it follow that an omission of the demand by the sheriff, and refusal by the creditor, of the jail fees for sustenance of the prisoners, under section 168 of the justices' act, which it does not require, will make the sheriff liable as for as an

escape, if he permit his prisoner to go at large, when there is no money in his hands to pay for the prisoner's sustenance.

The Supreme Court say, in the case cited, that while the terms of section 168 of the justices' act are broad enough to cover the question in that case, yet that "its application to cases of imprisonment, under process issuing from courts of record, is questioned."

We see no reason why, if the legislature made a provision for so important a matter, as the requirement of the creditor by the jailor, of the jail fees, in section 173 of the code, as a justification of the sheriff for a discharge of the debtor, that we should supply a legislative provision for such a requirement in section 168 of the justices' act. We derive no ground for the construction of section 168 of the justices' act claimed by the plaintiff, from its supposed analogy to section 173 of the code. In all cases of imprisonment of a debtor, it is our duty to construe the statute favorably to the personal liberty of the individual. It seems to be the policy of our laws relating to arrest for debt, to throw around the person of the debtor every proper safeguard, both of enactment by the legislature and of construction by the court. That there should be money placed in the sheriff's hands, under section 168 of the justices' act, for the sustenance of his prisoner, is the right of the sheriff, without demand of the creditor. When he concludes to invoke the extraordinary remedy of imprisonment for a debt within the jurisdiction of a magistrate, it is the duty of the creditor, without depending on or waiting for any one else, to follow the conclusion with prompt evidences of his intention to make that imprisonment effective. And this construction is strengthened by the concluding clause of the section which finally refers the sheriff's conduct in this regard to his own judgment.

Judgment affirmed.